```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MANUEL GARCIA, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Crim. No. 93-536-03 (JBS) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, |  |
| Respondent. |  |

**SIMANDLE**, District Judge:

  This matter comes before the court on Petitioner Manuel Garcia's motion, pursuant to Federal Rule of Civil Procedure 60(b)(4), to set aside his criminal conviction because of problems with the indictment and for lack of federal jurisdiction over the crime [Docket Item 22].  For the following reasons, Petitioner's motion will be construed as a successive petition for writ of habeas corpus under 28 U.S.C. § 2255 and dismissed without prejudice for lack of jurisdiction.  The Court finds as follows:

  1. Following a jury trial before this Court on September 29, 1994, Petitioner was convicted of using interstate commerce facilities to commit a murder for hire, in violation of 18 U.S.C § 1958, and was sentenced to life imprisonment.  United States v. Garcia, No. 94-5647 (D.N.J. October 4, 1994).  Petitioner appealed, and the Third Circuit Court of Appeals affirmed his

conviction.  United States v. Garcia, No. 94-5647 (3d. Cir. July 29, 1996).

2. Petitioner filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on June 2, 1997 in this Court.  Garcia v. United States, No. 97-cv-2861 (D.N.J. June 2, 1997).  The Court denied his petition.  Garcia v. United States, No. 97-cv-2861 (D.N.J. JuLY 29, 1998).  Petitioner sought to appeal that ruling, but the Court denied his request for a Certificate of Appealability.  Garcia v. United States, No. 97-cv-2861 (D.N.J. September 15, 1998).  Subsequently, the Court of Appeals also denied Petitioner's request.  Garcia v. United States, No. 97-cv-2861 (3d Cir. June 4, 1999).

3. On April 17, 2007, Petitioner filed a motion to reopen and supplement his originally-filed petition for habeas corpus. This motion was denied as a successive habeas petition over which this court lacked subject matter jurisdiction.  Garcia v. United States, No. 97-cv-2861 (D.N.J. April 9, 2008).

4. On May 11, 2009, Petitioner filed the present motion to "set aside judgement and dismiss the indictment for void judgment, and lack of jurisdiction" [Docket Item 22].  In this motion, Petitioner asserts that his indictment was improper because it did not include all the elements of the crimes with which he was charged and that the indictment failed to establish federal jurisdiction.

5. Although Petitioner styles his motion as a Rule 60(b)(4) attack on a void judgment, he is in fact offering new collateral attacks on the underlying conviction.  Petitioner is challenging the jurisdiction of the district court in the underlying trial and conviction (in addition to challenging the sufficiency of the indictment).  When a Rule 60(b) motion makes new claims for relief from the underlying conviction, it should be construed as a successive habeas petition.  See Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (holding that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction . . . circumvents AEDPA" and therefore such claims should be construed as successive habeas petitions); In re Wagner, 421 F.3d 275, 277 (3d Cir. 2005) ("although it was labeled as a motion under Fed. R. Civ. P. 60(b)(6), it was in substance a motion under 28 U.S.C. § 2255."); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that motion for reconsideration under Fed. R. Civ. P. 60(b) was properly construed as successive § 2255 petition); see also Obado v. New Jersey, 328 F.3d 716 (3d Cir. 2003). While the United States Supreme Court has limited the ability of district courts to recharacterize motions as § 2255 petitions, these limitations apply only in the context of recharacterizing motions as § 2255 petitions when, unlike here, no previous § 2255 petition has been filed.  Castro v. United States, 540 U.S. 375, 382 (2003) ("The

3

limitation applies when a court recharacterizes a pro se litigant's motion as a *first* § 2255 motion.") (emphasis added).

6. A successive §2255 motion may be brought only after a panel of the appropriate court of appeals certifies that it contains:  (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive by the Supreme Court to collateral review cases.  28 U.S.C. § 2255(h).  Petitioner has not received authorization from the Third Circuit to file his successive § 2255 motion.

7. Without the required authorization from the Court of Appeals, this Court lacks the subject matter jurisdiction necessary to consider Petitioner's motion.  Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002) (holding that "most courts that have considered the issue treat the successiveness issue as comparable to the defense that the court lacks jurisdiction over the subject matter").  Therefore, the Court must use its discretion in choosing whether to dismiss the motion or transfer it to the Third Circuit pursuant to 28 U.S.C. § 1631.  Id. at 139 (noting that when a "second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals").

8. This Court has considered whether to transfer this petition for a successive § 2255 motion to the Court of Appeals

4

and declines to do so.  Petitioner does not claim that there has been any newly discovered evidence or a change in law that is retroactive.  There would appear to be no basis upon which the Court of Appeals could authorize the successive motion.  The Court will therefore dismiss the motion without prejudice for lack of subject matter jurisdiction.  If Mr. Garcia seeks to file a successive § 2255 petition before the Court of Appeals, nothing in this opinion prevents him from doing so.


**September 22, 2009**                       **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                     United States District Judge